```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MALCOLM LEBLANC, ET AL        *         CIVIL ACTION

VERSUS                        *         NO: 05-5485

CHEVRON USA, ET AL            *         SECTION: "D"(4)
```

**O R D E R**

Before the court are the **Rule 12 Motions for More Definite Statement and to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted** filed by Defendant, Union Carbide Corporation. Plaintiffs, Malcolm LeBlanc, et al, oppose the motions. The motions were set for hearing on Wednesday, February 1, 2006, on which date the court heard oral argument from Brian Engeron (counsel for Union Carbide) and John Futrell (counsel for Plaintiffs).[1]

Having considered the memoranda and argument of counsel, the record, and the applicable law, the court finds that the Rule 12 motions should be denied. Regarding its motion for a more definite

---

[1] Oral argument was held via telephone conference, with Brian Engeron and John Futrell arguing, and counsel for other Defendants (Louise Blanchard for ConocoPhillips and Allison Benoit for Chevron USA, et al) listening to the arguments.

statement, Union Carbide argues that "plaintiffs have failed to provide any particularity to the products, dates, times, amounts, places, and manner of [benzene] exposure."  However, the court finds that Plaintiffs' Complaint sufficiently satisfies Federal Rule of Civil Procedure 8(a), adequately putting Union Carbide on notice of the claims against it.[2]  Union Carbide can obtain through discovery further specificity of how, where, when or for what duration Plaintiff Malcolm LeBlanc came into contact with any Union Carbide product.

Next, regarding its motion to dismiss for failure to state a claim upon which relief can be granted, Union Carbide argues that Plaintiffs' claim for unjust enrichment should be dismissed because one element of an unjust enrichment claim is the lack of any other remedy at law, and here Plaintiffs have asserted other "colorable" claims in their Complaint.  Union Carbide also argues that a claim for unjust enrichment is more akin to a contractual or quasi-contractual claim, but Plaintiffs' unjust enrichment claim sounds more delictual in nature.  However, the court finds that Union Carbide's motion to dismiss Plaintiff's unjust enrichment claim is premature at this stage.

Accordingly;

---

[2]  The court notes that the other Defendants in this matter have filed Answers to Plaintiffs' Complaint.  (*See*  Doc. No. 3, Answer filed by Defendant ConocoPhillips Co., & Doc. No. 7, Answer filed by Defendants, Chevron USA, Inc., Exxon Mobil Corporation, Murphy Oil USA, Inc., Shell Oil Co., Tennessee Gas Pipeline Co.).

**IT IS ORDERED** that Union Carbide's **Rule 12 Motions for More Definite Statement and to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted** be and are hereby **DENIED**. However, nothing herein precludes Union Carbide from filing a Motion for Summary Judgment seeking dismissal of Plaintiffs' claim(s) against it, after more facts are ascertained through discovery.

New Orleans, Louisiana, this **1st** day of **February, 2006.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE