UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MALCOLM LOUIS LEBLANC, ET AL    *          CIVIL ACTION

VERSUS                          *          NO: 05-5485

CHEVRON USA INC., ET AL         *          SECTION: "D"(5)

### ORDER AND REASONS

After receiving the Mandate from the Fifth Circuit United States Court of Appeals (Doc. No. 184) which instructed this court "to reconsider its ruling on the admissibility of Dr. Gardner's testimony in light of the ATSDR Benzene Toxicology Report discussed [in the Fifth Circuit's Opinion issued in Fifth Circuit Docket No. No. 07-30599], including its references to aplastic anemia and benzene,"[1] the court reopened this matter and restored the **"Motion in Limine to Exclude Reports and Testimony of Dr. Frank Gardner, and Motion for Summary Judgment" (Doc. No. 99)** filed by Defendants, Chevron U.S.A., Inc. (formerly known as Gulf Oil Corporation), Exxon Mobil Corporation, El Paso E.S.T. Company (as trustee for EPEC Oil Liquidating Trust), Shell Oil Company, Mobil Corporation,

---

[1] *See* p. 5 of Fifth Circuit's Slip Opinion, No. 07-30599, April 22, 2008, attached to Mandate, Doc. No. 184.

and Murphy Oil USA, Inc., to the court's motion calendar.

The court further re-set Defendants' **"Motion in Limine to Exclude Reports and Testimony of Dr. Frank Gardner, and Motion for Summary Judgment" (Doc. No. 99)** for hearing on **Wednesday, June 18, 2008**, and instructed the parties to file supplemental and reply briefs in support of their respective positions.

Now, having considered the memoranda of counsel, the record, and the applicable law, and heeding the Fifth Circuit's discussion of the ATSDR[2] report on benzene,[3] the court **DENIES** Defendants'

---

[2] ATSDR is an acronym for the Federal Agency for Toxic Substances and Disease Registry (ATSDR).

[3] In its Mandate, the Fifth Circuit "bel;ieve[d] the [ATSDR] report deserves careful consideration" in "determin[ing] the significance of this report on the [district] court's final decision regarding the admissibility of Dr. Garner's opinion [that Plaintiff's "myelofibrosis (more specifically, myelofibrosis with myeloid metaplasia-MMM), a rare disease of the bone marrow and/or blood"] was caused by Plaintiff's exposure to benzene. (*See* Fifth Circuit Slip Op. No. 07-30599, April 22, 2008, at pp. 2-3).

The Fifth Circuit thought the ATSDR report deserved careful consideration because:

The ATSDR report on benzene was prepared in accordance with federal laws that require the ATSDR to prepare toxicological profiles for hazardous substances that pose significant potential threat to human health, as determined by the ATSDR and the Environmental Protection Agency. This report, in its final form, recites that it was authored by a number of experts, was reviewed internally by the ATSDR, and peer reviewed by additional experts who "collectively have knowledge of benzene's physical and chemical properties, toxicokinetics, key health end points, mechanisms of action, human and animal exposure, and quantification of risk to humans." The report was put into final form at the end of the prescribed time period during which comments were allowed to the draft version and this final form supersedes previous versions.

[I]n the report, the ATSDR concluded that "[b]enzene also causes a life-threatening disorder called aplastic anemia in humans and animals." The report also states that myelofibrosis (the disease with which Appellant has been diagnosed) is a form of aplastic anemia. Appellants point out that the relevant portions of both the draft And final reports are substantively the same, and Appellees do not dispute this. Indeed, both the final and draft versions of the report include the aplastic anemia and myelofibrosis statements as discussed above. In light of the apparent link the

**"Motion in Limine to Exclude Reports and Testimony of Dr. Frank Gardner, and Motion for Summary Judgment" (Doc. No. 99)** at this time, but without prejudice.

The court will allow the parties to conduct discovery, obtain expert reports, depose opposing experts and Plaintiff's treating physician, and engage in motion practice on the following issues:

(1) whether myelofibrosis is a form of aplastic anemia (notwithstanding statements in the ATSDR Toxicological Profile cited by the Fifth Circuit) and/or whether myelofibrosis and aplastic anemia are completely different diseases;

(2) whether Plaintiff has aplastic anemia;

(3) whether or not Plaintiff's documented benzene exposure was equal to or greater than the level of exposure to

---

report makes between Appellant's disease and aplastic anemia, which the report states is caused by benzene exposure, as well as the number and quality of the experts who participated in the production of the final version of the ATSDR report, we conclude that this report deserves the careful consideration of the district court before reaching a final conclusion on the reliability of Dr. Gardner's testimony.

(*Id.* at pp. 4-5, footnotes omitted).

The Fifth Circuit noted that in partial support of the ATSDR's conclusion that "[b]enzene also causes a life-threatening disorder called aplastic anemia in humans and animals[,]" the report "mentions the Tondel study in which a gasoline attendant exposed to benzene was diagnosed with myelofibrosis." (*Id.* at p. 4 & n. 9). However, this court finds that the reference of the Tondel study (in the ATSDR report) does not transform this single case report "in the absence of epidemiological studies confirming a causal connection between benzene exposure and MMM" into reliable scientific evidence. (*See* Order and Reasons, Doc. No. 176, pp. 26- 31). Finally, this court has reconsidered and reevlauated other studies its initially found unpersuasive, and still finds these other studies unpersuasive. (*Id.* at pp. 21-49).

3

        benzene demonstrated in the reliable scientific literature to cause aplastic anemia in the general population; and

(4) specific causation of Plaintiff's myelofibrosis or, if proven, aplastic anemia.

The Courtroom Deputy will hold a **Telephone Scheduling Conference** on **Thursday, July 17, 2008 at 9:30 a.m.** to set dates for Trial, a Pre-Trial Conference, and other attendant cut-off dates.

In light of the rulings herein, the court **DENIES AS MOOT** Plaintiff's **"Motion to Strike Untimely Affidavits Attached to Defendants' Original Brief after Remand and Alternatively for Leave to File Affidavit [of Dr. Gardner]" (Doc. No. 191),** and **CANCELS** the hearing of this motion set on July 2, 2008.

New Orleans, Louisiana, this **18th** day of **June**, **2008.**

                                                    A.J. McNAMARA
                                      UNITED STATES DISTRICT JUDGE