```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

MALCOLM LOUIS LEBLANC, ET AL   *        CIVIL ACTION

VERSUS                         *        NO: 05-5485

CHEVRON USA INC., ET AL        *        SECTION: "D"(5)
```

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion to Review the Magistrate Judge's Order on Plaintiffs' Motion to Compel" (Doc. No. 261)** filed by Defendant Exxon Mobil Corporation;

(2) **"Motion to Review the Magistrate Judge's Order on Plaintiffs' Motion to Compel" (Doc. No. 263)** filed by Defendant Mobil Corporation;

(3) **"Motion to Review the Magistrate Judge's Order on Plaintiffs' Motion to Compel" (Doc. No. 264)** filed by Defendant Chevron U.S.A. Inc.; and

(4) **"Motion to Review the Magistrate Judge's Order on Plaintiffs' Motion to Compel" (Doc. No. 266)** filed by Defendant Shell Oil Company.

Plaintiffs filed an Omnibus Opposition (Doc. No. 270) to these motions. The motions, set for hearing on Wednesday, February 25, 2008, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds the ruling of the Magistrate Judge which is the subject of Defendants' motions is not clearly erroneous or contrary to law.

In "Order and Reasons" (Doc. No. 174), entered on June 18, 2007, the court granted Defendants' "Motion in Limine to Exclude Reports and Testimony of Dr. Frank Gardner, and Motion for Summary Judgment." The court found that Dr. Gardner's reference materials insufficiently met the Hill causation criteria and there was insufficient valid and admissible scientific evidence (under *Daubert* and Federal Rule of Evidence 702) to support Dr. Gardner's opinion that benzene and the type of benzene exposures Plaintiff, Malcolm LeBlanc, experienced are capable of causing myelofibrosis or myelofibrosis with myeloid metaplasia in the general population (general causation). (*Id*.). The court accordingly entered Judgment dismissing all of Plaintiffs' claims. (Doc. No. 177).

Plaintiffs appealed to the Fifth Circuit United States Court of Appeals (Doc. No. 184), which vacated the court's Judgment and remanded the matter, instructing the court "to reconsider its ruling on the admissibility of Dr. Gardner's testimony in light of

2

the ATSDR[1] Benzene Toxicology Report ..., including its references to aplastic anemia and benzene."[2] In its Mandate, the Fifth Circuit "believe[d] the [ATSDR] report deserves careful consideration" in "determin[ing] the significance of this report on the [district] court's final decision regarding the admissibility of Dr. Garner's opinion [that Plaintiff's "myelofibrosis (more specifically, myelofibrosis with myeloid metaplasia-MMM), a rare disease of the bone marrow and/or blood"] was caused by Plaintiff's exposure to benzene. (*See* Fifth Circuit Slip Op. No. 07-30599, April 22, 2008, at pp. 2-3).

The Fifth Circuit thought the ATSDR report deserved careful consideration because:

> The ATSDR report on benzene was prepared in accordance with federal laws that require the ATSDR to prepare toxicological profiles for hazardous substances that pose significant

---

[1] ATSDR is the acronym for the Federal Agency for Toxic Substances and Disease Registry.

[2] *See* p. 5 of Fifth Circuit's Slip Opinion, No. 07-30599, April 22, 2008, attached to Mandate, Doc. No. 184.

The Fifth Circuit pointed out in its opinion that:

At the time the district court entered its order, the Federal Agency for Toxic Substances and Disease Registry (ATSDR), had issued a draft report on benzene. The draft describes the toxicological properties of benzene and some of the harm to animals and humans the authors conclude is caused by exposure to benzene. Because the report was still in draft form and the time fo notice and comment had not expired when the district court issued its ruling, the court declined to consider it. During the pendency of this appeal, all counsel agreed that the draft has received final approval.

(Slip Opinion, No. 07-30599, pp. 2-3).

3

> potential threat to human health, as
> determined by the ATSDR and the Environmental
> Protection Agency. This report, in its final
> form, recites that it was authored by a number
> of experts, was reviewed internally by the
> ATSDR, and peer reviewed by additional experts
> who "collectively have knowledge of benzene's
> physical and chemical properties,
> toxicokinetics, key health end points,
> mechanisms of action, human and animal
> exposure, and quantification of risk to
> humans." The report was put into final form
> at the end of the prescribed time period
> during which comments were allowed to the
> draft version and this final form supersedes
> previous versions.
>
> [I]n the report, the ATSDR concluded that
> "[b]enzene also causes a life-threatening
> disorder called aplastic anemia in humans and
> animals." The report also states that
> myelofibrosis (the disease with which
> Appellant has been diagnosed) is a form of
> aplastic anemia. Appellants point out that
> the relevant portions of both the draft And
> final reports are substantively the same, and
> Appellees do not dispute this. Indeed, both
> the final and draft versions of the report
> include the aplastic anemia and myelofibrosis
> statements as discussed above. In light of
> the apparent link the report makes between
> Appellant's disease and aplastic anemia, which
> the report states is caused by benzene
> exposure, as well as the number and quality of
> the experts who participated in the production
> of the final version of the ATSDR report, we
> conclude that this report deserves the careful
> consideration of the district court before
> reaching a final conclusion on the reliability
> of Dr. Gardner's testimony.

(*Id.* at pp. 4-5, footnotes omitted).

The Fifth Circuit noted that in partial support of the ATSDR's

4

conclusion that "[b]enzene also causes a life-threatening disorder called aplastic anemia in humans and animals[,]" the report "mentions the Tondel study in which a gasoline attendant exposed to benzene was diagnosed with myelofibrosis." (*Id*. at p. 4 & n. 9).

Following remand from the Fifth Circuit, the court re-opened this matter and restored Defendants' "Motion in Limine to Exclude Reports and Testimony of Dr. Frank Gardner, and Motion for Summary Judgment" to the court's motion calendar. (*See* Order, Doc. No. 186). After rehearing on the briefs, the court denied Defendants' "Motion in Limine to Exclude Reports and Testimony of Dr. Frank Gardner, and Motion for Summary Judgment" without prejudice. (*See* Order and Reasons, Doc. No. 195). However, the court found that the reference of the Tondel study (in the ATSDR report) did not transform that single case report "in the absence of epidemiological studies confirming a causal connection between benzene exposure and MMM" into reliable scientific evidence. (*See* Doc. No. 195 at n. 3, *citing* Order and Reasons, Doc. No. 176, pp. 26- 31). The court also reconsidered and reevlauated other studies it initially found unpersuasive, and still found those other studies unpersuasive. (See Doc. No. 195 at n. 3, *citing* Order and Reasons, Doc. No. 176, pp. 21-49).

The court then allowed the parties to conduct discovery, obtain expert reports, depose opposing experts and Plaintiff's

5

treating physician, and engage in motion practice on the following issues:

>   (1) whether myelofibrosis is a form of aplastic anemia (notwithstanding statements in the ATSDR Toxicological Profile cited by the Fifth Circuit) and/or whether myelofibrosis and aplastic anemia are completely different diseases;
>
>   (2) whether Plaintiff has aplastic anemia;
>
>   (3) whether or not Plaintiff's documented benzene exposure was equal to or greater than the level of exposure to benzene demonstrated in the reliable scientific literature to cause aplastic anemia in the general population; and
>
>   (4) specific causation of Plaintiff's myelofibrosis or, if proven, aplastic anemia.

(Doc. No. 195, pp. 3-4).

Plaintiffs engaged in discovery and ultimately filed Motions to Compel (Docs. Nos. 234-237). The Magistrate Judge ruled and ordered the Defendants:

> to provide plaintiffs with the unpublished studies, if any, underlying the published studies of the following authors:
>
> > Shell: Wongerichanalai, C. and Delzell, E.
> >
> > Chevron: Satin, K; Dagg T.; and Wong, O.

> Exxon: Arnetz, B.; Hanis, N.; Shallenberger, L.; and, Wong, O.
>
> Mobil: Raabe, G. and Collingwood, K.

(Doc. No. 260).

In their Motions to Review, Defendants argue that the Magistrate Judge's ruling is clearly erroneous because it requires Defendants to produce information (related to myelofibrosis, cancer incidence generally and cancer mortality generally) which is beyond the limited areas of permissible discovery on remand, and it allows Plaintiffs to open the door for discovery on all issues, including the issue of general causation (i.e., whether benzene causes myelofibrosis in the general population). At this procedural juncture, the court finds that, while Plaintiffs have made no showing that the unpublished studies which the Magistrate Judge ordered Defendants to provide Plaintiffs fits within the parameters of permissible discovery set forth by this court in its "Order and Reasons," Doc. No. 195 and set forth above on page 6, the Magistrate Judge's ruling is not clearly erroneous or contrary to law. However, nothing herein should be construed as an indication that the court is re-opening discovery on general causation (i.e., whether benzene causes myelofibrosis or myelofibrosis with myeloid metaplasia) or will re-try that issue.

New Orleans, Louisiana, this **25th** day of **February**, **2009**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE